## National Forge Company v. Harsco Corporation

*William F. Clinger, Jr.,* of *Harper & Clinger,* for plaintiff.

*W. S. Calderwood,* of *Mervine & Calderwood,* for defendants.

WOLFE, P. J., April 21, 1970.—Before the court are defendants' objections to plaintiff's interrogatories pursuant to Pa. R.C.P. 4005.

The interrogatories were filed on March 4, 1970, and prior thereto, namely, February 24, 1970, plaintiff served defendants pursuant to rule 4009 requiring each defendant separately to produce documents and served each defendant under rule 4007 of notice of taking deposition of the party defendants and further notice under the same rule for the production upon such deposition of all documents in the possession, custody or control of defendants which relate directly or indirectly to plaintiff's cause of action.

The depositions set April 13, 1970, for the deposing of Pine-Hall-Pomona Corporation, April 20, 1970, for the deposing of Pine-Hall-Pomona Corporation, Pomona Cantex Research Association, and May 4, 1970 for the deposing of Harsco Corporation.

Rule 4005 provides:

"Interrogatories may relate to any matters which can be inquired into under Rule 4007 and the answers may be used to the same extent as provided in Rule 4020 for the use of the deposition of a party. Interrogatories may be filed and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require. The number of interrogatories or of sets of interrogatories to be filed and served is not limited except as justice requires to protect the party from unreasonable annoyance, expense, embarrassment or oppression."

It seems clear that interrogatories under rule 4005 may be filed and served after a deposition has been taken, and conversely a deposition may be taken after interrogatories have been answered but there appears to be no provision under the rule that interrogatories and depositions can be had simultaneously or nearly so.

On the other hand, it is settled that interrogatories and depositions are cumulative, not alternative procedures.

The intent of the rules is to give parties to an action a complete procedure to prepare the action and present it at time of trial. As stated in Goodrich-Amram the system of the rules is to assimilate the interrogatories under rule 4005 to the general depositions under rule 4007.

A comparison of plaintiff's order for production and inspection under rule 4009 with the interrogatories under rule 4005 discloses that many of the questions are the same or nearly so, so that there is a duplicity of discovery.

At this stage of the pleadings, it is the court's opinion that better practice would require plaintiff to proceed under rule 4007 on all depositions and rule 4009 on production and inspection of documents before proceeding under rule 4005 by written interrogatories. If the former two procedures do not adequately place in the hands of plaintiff the information required under the latter rule then written interrogatories should be available to supplement any additional information required. Otherwise, it appears to the court that the questions required under the request for interrogatories all can be answered under oral depositions and supporting evidence thereof under the production and inspection of documents. Nonetheless, plaintiff shall not be denied the right of interrogatories if it subsequently appears that the oral deposition with supporting documents are not adequate to permit plaintiff to present its best case.

For the foregoing reasons, the court makes the following order:

## ORDER

And now, April 21, 1970, defendants' general objections to interrogatories are sustained temporarily until further order of court and the parties are directed to proceed under rule 4007 by oral deposition and rule 4009 of production and inspection of documents and, thereafter, if all of the interrogatories requested have not been answered by this procedure, then the remaining interrogatories not so answered or any subsequent interrogatories requested shall be considered by the court at the request of plaintiff.